UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | )  No.: 3:19-CR-77-TAV-DCP-2 |
| DAVID JONES FULLER, | ) ) ) |
| Defendant. | ) ) |

## **MEMORANDUM OPINION AND ORDER**

This case is before the Court on defendant's *pro se* motion to grant him pretrial jail credit [Doc. 447]. In his motion, defendant states that he was sentenced on December 6, 2021, and his judgment order states that his federal sentence is to run concurrent with his state sentence [*Id.* at 2]. He contends that he has been given "time credited," but has not been given "pretrial jail time" [*Id.*].

The Court notes that defendant has not identified a basis for the relief he requests. Due to the specific relief that defendant is seeking, the Court construes his motion as a request for credit for time served pursuant to 18 U.S.C. § 3585. However, even if defendant's motion is construed on this basis, he is not entitled to relief.

The Court declines to make a recommendation as it considers the Bureau of Prisons in a better position to make determinations regarding defendant's credit for time served. While the Court may make certain recommendations to the Bureau of Prisons, "the power to grant credit for time served lies solely with the Attorney General and the Bureau of Prisons." *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001) (first citing 18 U.S.C.

§ 3585(b); and then citing *United States v. Wilson*, 503 U.S. 329, 333 (1992)); *see also United States v. Brown*, 417 F. App'x 488, 493 (6th Cir. 2011) ("[A]warding credit for time served is the exclusive responsibility of the Bureau of Prisons . . . .").

If the Bureau of Prisons declines to credit defendant's time served, defendant may then raise his claims through the Bureau's Administrative Remedy Program. *Setser v. United States*, 566 U.S. 231, 244 (2012) (citing 28 C.F.R. § 542.10, *et seq.*). After exhausting administrative remedies, defendant may then petition for a writ of habeas corpus under 28 U.S.C. § 2241, a petition which must be filed in defendant's district of confinement. *Id.* Because defendant is incarcerated in Georgia, this Court lacks jurisdiction under § 2241 and cannot review his motion on this basis.

Accordingly, defendant's motion [Doc. 447] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE